IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VICTOR RENE GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-25 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On February 6, 2018, petitioner, a state prisoner at the Neal Unit, submitted a "Petition for Review" wherein he appears to be attempting to initiate a proceeding for a federal writ of habeas corpus challenging a disciplinary proceeding conducted at the Neal Unit. On February 7, 2018, the Court ordered petitioner to file, within twenty (20) days from the filing date of the Order, a properly completed form Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254.[1] Petitioner was warned that failure to timely submit the form petition could result in the dismissal of this case without further notice. On that date, the Court also ordered petitioner to file an Application to Proceed *In Forma Pauperis* and a certified *in forma pauperis* data sheet from his penal institution, to pay the filing fee, or to submit evidence he had authorized his institution to disburse the requisite funds for the filing fee from his trust account. Petitioner was warned that failure to properly supplement or pay the filing fee within the time allowed by the Order would result in an immediate recommendation for the dismissal of this case without further notice.

---

[1] A copy of the form petition was transmitted with the Court's Order.

Petitioner did not comply with and, in fact, directly disregarded, the Court's two (2) February 7, 2018 Orders. Petitioner did not submit any pleadings to this Court, nor did he communicate with the Court in any manner with regard to the February 7, 2018 Orders. On February 28, 2018, finding petitioner had neglected his case to such an extent that it warranted dismissal, the undersigned entered *Findings, Conclusions and Recommendation to Dismiss Petition for a Writ of Habeas Corpus* (FCR) for want of prosecution for petitioner's failure to comply with the Court's orders.

On March 9, 2018, the United States District Clerk received correspondence from petitioner wherein he advised he filed his "Petition for Review" prematurely as he was currently exhausting his state administrative remedies, and requested the Court stay his case while he exhausted. Petitioner further advised that after he had properly exhausted, he would "submit a properly completed form Petition for a Writ of Habeas Corpus" and would "authorize the institution to disburse the requisite funds for the filing fee from [his] trust account." Petitioner's correspondence was filed as an objection to the Court's February 28, 2018 FCR to dismiss for want of prosecution. [ECF 7].

On March 26, 2018, the undersigned entered an Order staying petitioner's case for sixty (60) days for petitioner to exhaust his state administrative remedies. The order instructed petitioner that upon exhaustion of his remedies, he must immediately file a pleading with the Court entitled "Notice of Exhaustion of State Administrative Remedies" informing the Court of such exhaustion. The order also informed petitioner that within twenty (20) days after the Court had received and filed petitioner's pleading of record related to exhaustion, petitioner must then file with the Court a properly completed form habeas corpus petition and also provide proof of the authorization to disburse the requisite filing fee from petitioner's trust account. Petitioner was warned that failure to timely comply with the above conditions would result in the Court lifting the stay and reinstating

the March 9, 2018 FCR to dismiss for want of prosecution.

On June 21, 2018, the undersigned, finding the deadlines established by the Court in the March 26, 2018 *Order Staying Case* had expired and that petitioner had not filed any pleadings with the Court or otherwise communicated with the Court, lifted the stay and reopened this case, thereby reinstating the March 9, 2018 FCR to dismiss for want of prosecution.

Petitioner has again failed to comply with a direct order of the Court. Petitioner has not submitted any pleadings to the Court, nor communicated with the Court in any manner since his March 9, 2018 correspondence to the Court. The undersigned finds petitioner has further neglected his case to such an extent that dismissal is warranted.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case filed by petitioner VICTOR RENE GONZALES be DISMISSED for want of prosecution

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these findings, conclusions and recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 8, 2018.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).